# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TREY ADKINS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00034 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MARCUS McCLANAHAN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Plaintiff; Kenneth T. Cuccinelli, Attorney General of Virginia, Wesley G. Russell, Deputy Attorney General, Catherine Crooks Hill, Senior Assistant Attorney General, Katherine DeCoster, Assistant Attorney General, and John D. Gilbody, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond and Abingdon, Virginia, for Defendant.*

In this action under 42 U.S.C.A. § 1983 (West 2012) a jury found the defendant Marcus McClanahan, a state police investigator, liable for violating the constitutional rights of the plaintiff, Trey Adkins. The jury awarded only nominal damages of one dollar. Judgment was entered by the court on the jury's verdict on July 30, 2013. Thereafter, the plaintiff filed a timely motion for a new trial and after briefing by the parties, the court granted the motion and awarded a new trial limited as to the issue of damages. *Adkins v. McClanahan*, No. 1:12CV00034, 2013 WL 5202402 (W.D. Va. Sept. 16, 2013). That trial is set to begin on December 12, 2013.

The defendant has now filed a Motion to Reconsider, asking the court to enter judgment in his favor as to liability, or in the alternative, to reconsider its decision to grant a new trial, or in a further alternative, to grant a new trial as to both liability and damages.  The defendant's motion will be denied.

The defendant contends in his motion seeking judgment in his favor that there was no evidence that the defendant acted intentionally or recklessly to violate the defendant's rights and thus liability under § 1983 is foreclosed.  In support of his alternative request for a new trial as to liability, he asserts that the court's instructions to the jury were erroneous in that they failed to advise the jury that proof of intent or recklessness was required.

In the first place, the defendant's motion is untimely.  The civil rules require a post-verdict renewed motion for a judgment as a matter of law or a motion for a new trial to be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 50(b), 59(b).  Here, the defendant's motion was filed three and half months following judgment as to liability.

Moreover, on the merits, the motion is unfounded.  Section 1983 contains no state-of-mind requirement generally and it depends upon the underlying constitutional right whether proof of the defendant's specific intent to violate the victim's rights is necessary.  *Daniels v. Williams*, 474 U.S. 327, 330 (1986).  For example, "[t]he Equal Protection Clause . . . imposes a duty not to purposefully

discriminate on the basis of race, religion, or national origin [and] [t]he Eighth Amendment imposes a duty not to act with deliberate indifference towards the imposition of cruel and unusual punishment." *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1072 n.12 (9th Cir. 2012) (citations omitted), *cert. denied*, 2013 WL 1808554 (U.S. Oct. 7, 2013) (No. 12-1296). With the Fourth Amendment, however, the subjective intent or motivation of the actor is generally immaterial. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). The inquiry instead is "whether the circumstances, viewed objectively, justify [the challenged] action." *Id.* (internal quotation marks and citation omitted).

The evidence at trial was uncontested that the defendant, acting under color of state law, intentionally seized the plaintiff's bulldozer knowing that he had no warrant or other court order authorizing him to do so. The only issue was whether the defendant had probable cause at the time to believe that the bulldozer was evidence of a crime. The evidence was disputed on that question and the jury resolved the facts in favor of the plaintiff. The court's instructions, viewed as a whole, properly advised the jury as to the law that it was bound to follow in determining this central issue in the case.

As to reconsideration of the court's decision to award a new trial to the plaintiff on damages, there is nothing in the defendant's motion that was not considered by the court in its original ruling. I will adhere to that ruling.

For these reasons, it is **ORDERED** that the Motion to Reconsider (ECF No. 64) is DENIED.

                                        ENTER:   November 20, 2013

                                        /s/  James P. Jones
                                        United States District Judge